IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
97 MAY -6 PM 4:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | CV-96-AR-1614-M |
| REAL PROPERTY AND RESIDENCE ) | |
| LOCATED IN ST. CLAIR COUNTY ) | **ENTERED** |
| ALABAMA, WITH ALL ) | |
| IMPROVEMENTS, APPURTENANCES ) | |
| AND ATTACHMENTS THERETO, AS ) | MAY 6 1997 |
| MORE PARTICULARLY DESCRIBED ) | |
| HEREIN, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ALICE G. MCCLOUD, ) | |
| ) | |
| Claimant. ) | |

## MEMORANDUM OPINION

The court has before it a motion by plaintiff, United States of America ("USA") for summary judgment in the above-entitled cause. For the reasons articulated below, said motion is due to be granted.

On November 10, 1992, Alice G. McCloud, ("McCloud"), claimant, and Judy McCloud Johnston ("Johnston"), purchased the defendant property from James McClanahan ("McClanahan"). McCloud, Johnston and McClanahan were subsequently indicted by a grand jury in the

Northern District of Alabama for violations of 21 U.S.C. §§ 841 and 846. The parties were then convicted on the indictments. On June 21, 1996, USA filed the present action seeking forfeiture of the property purchased by McCloud and Johnston pursuant to 21 U.S.C. § 881(a)(6). Default judgments have been entered against Johnston and McClanahan. A pre-seizure hearing was held on August 27, 1996, where this court found probable cause existed to believe that defendant property was subject to forfeiture. An order for warrant of arrest of the property and for notice was issued by the court on August 27, 1996. The warrant was served on defendant property on October 10, 1996. McCloud filed an answer, claim and defenses to the verified complaint of the USA on October 11, 1996.

> [W]hen the *government* moves for summary judgment in a section 881 forfeiture, the court first must determine whether, as a matter of law, the government has shown probable cause for forfeiture. If not, summary judgment for the government is improper. *See United States v. Twenty (2) Cashier's Checks, Having the Aggregate Value of Two Hundred Thousand ($200,000) Dollars in U.S. Currency*, 897 F.2d 1567, 1570 (11th Cir. 1990) (per curiam)(exhibit). If so, the court then determines whether the claimant can show, by a preponderance of the evidence whether the property is forfeit. The court, in deciding this issue on summary judgment, first must determine whether the government has met its "initial responsibility" of demonstrating the absence of a genuine issue of material fact--that is, taking all the evidence in the light most favorable to the claimant, has the government shown that no reasonable jury could award the property to the claimant? The government, because it does not bear the burden of proof on this issue, may meet

2

> this burden by either pointing out to the court specific portions of the record that it believes demonstrate that the claimant cannot show by a preponderance of the evidence that he is entitled to the property, see supra note 19, or by introducing affirmative evidence negating the claimant's case. If it meets this burden, and the claimant, in response, fails to introduce significant, credible evidence sufficient to show that a reasonable jury could find, by a preponderance of the evidence, that the claimant is entitled to the property, the government is entitled to summary judgment; the nonmoving party has failed to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552.

*United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1439 (11th Cir. 1991).

Because the court has already determined that USA has established probable cause, the burden shifts to the claimant to establish by a preponderance of the evidence a defense to the forfeiture. See *United States v. One Single Family Residence Located at 15603 85th Avenue*, 993 F.2d 976, 979 (11th cir. 1991). The government has met its burden of showing that no genuine issue of material fact exists. "If <u>unrebutted</u>, a showing of probable cause alone will support a forfeiture." *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983). Claimant has come forward with no evidence or brief to support her position that summary judgment in favor of USA is not justified, and therefore has failed

3

to meet her burden. Accordingly, defendant's motion for summary judgment is due to be granted.

    A separate and appropriate order shall be entered.

    DONE this _6th_ day of May, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT